**In the Matter of Kenneth L. DAVIS, Bankrupt.**

No. B–52366.

United States District Court
D. Oregon.

Oct. 12, 1961.

Donald C. Walker, Portland, Or., for bankrupt.

S. J. Bischoff, Jerome B. Shank (Trustee), Folger Johnson, Jr., Referee in Bankruptcy, Portland, Or., for John M. Lee, petitioner for Review.

EAST, District Judge.

This matter came on for hearing upon the petition of John M. Lee for review of the Referee's order of July 21, 1961. Referee Folger Johnson, Jr., found and ordered in his above mentioned order: That the mortgage held and owned by the petitioner on a fluctuating stock of goods held by the mortgagor bankrupt for sale to the public is void as against the mortgagor bankrupt's trustee in bankruptcy where the mortgaged property had not come into possession of the mortgagee Lee before bankruptcy adjudication, even though the mortgage was not void *ab initio* between mortgagor and mortgagee, had been duly recorded with the county clerk of the situs of the property before adjudication, and there was no existence of fraud or any special trust relationship.

This exact question of priorities under the factual stature of the instant case has not been decided by the Supreme Court of the State of Oregon, and no final authorities of other jurisdictions on the question have been cited.

Dicta contained in the following Oregon cases: Kenney v. Hurlburt, 88 Or. 688, 172 P. 490, 173 P. 158, L.R.A.1918E, 652; First National Bank of Burns v. Frazier, 143 Or. 662, 19 P.2d 1091, 22 P.2d 325; and Turner v. Dobson, 169 Or. 362, 127 P.2d 746 supports the Referee, and the recent case of Wochnick v. True, 224 Or. 470, 356 P.2d 515 (1960) as well, indicates that if faced with the exact question, the Oregon Supreme Court would allow a creditor who has attached or exercised legal or equitable proceedings to prevail over a fluctuating stock of goods mortgagee who had not taken possession prior to the creditor's activity. Inasmuch as this is the position of the trustee herein under Oregon law, this Court accepts Wochnick v. True, supra, as a guidepost herein. The Court being otherwise advised in the premises.

IT IS CONSIDERED and ORDERED that the Referee's rulings in his order of July 21, 1961, are affirmed.